```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

MICHAEL HENRY HEARN                                  PETITIONER

VERSUS                              CIVIL ACTION 3:05cv182TSL-AGN

DWIGHT PRESLEY and LAWRENCE KELLY                   RESPONDENTS

## OPINION AND ORDER

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Michael Henry Hearn files this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Having liberally construed the allegations in his petition as well as his response [document #12], this court finds that the petitioner is challenging his parole being denied and the monetary sanction imposed by the United States Circuit Court of Appeals for the Fifth Circuit in civil action number 4:97cv153LN.[1]

## Analysis

The petitioner's contention that he has been wrongfully denied parole places into issue the duration of his confinement which is habeas in nature. Generally, a petitioner is required to exhaust his available state court remedies prior to pursuing a petition for writ of habeas corpus in federal court. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). According to the petitioner's response [document #12], he has met the exhaustion requirement.

Notwithstanding the exhaustion of available state court

---

[1] The Fifth Circuit's judgment in <u>Hearn v. Lucas</u>, et al., appeal number 98-60402 entered on July 6, 1999, stated that "Hearn is BARRED from filing any further pleadings in this court until he had paid the monetary sanction of $30.00."

remedies, this court finds that the petition presently before this court raises no constitutional issue for the state courts to consider. A petition for habeas relief filed pursuant to 28 U.S.C. § 2254 is not cognizable absent the deprivation of some right secured to the plaintiff by the Constitution or the laws of the United States. See Trussell v. Estelle, 699 F.2d 256, 259 (5th Cir.), cert. denied, 464 U.S. 853 (1983) (federal court may entertain an application for a writ of habeas corpus from a person in state custody only on the ground that he is in custody in violation of the United State Constitution or laws of the United States).

The Mississippi parole statute, Mississippi Code Annotated § 47-7-3 (1972), confers absolute discretion to the Parole Board and, therefore, affords a prisoner no constitutionally recognized liberty interest. Scales v. Mississippi State Parole Board, 831 F.2d 565, 566 (1987); Irving v. Thigpen, 732 F.2d 1215 (5th Cir. 1984). The parole statute is clear that the decision to grant or deny parole is within the discretion of the board. See Mississippi Code Annotated § 47-7-17 (1972) (providing that parole is granted "only for the best interest of society."). Therefore, the petitioner, by having been denied parole, has not suffered a constitutional deprivation.

As for the petitioner's claim concerning the monetary sanction imposed by the Fifth Circuit, this court concludes that this claim is clearly not habeas in nature. Furthermore, this court does not have the authority to reconsider a judgment entered by the Fifth Circuit sanctioning the petitioner.

<u>Conclusion</u>

As discussed above, the plaintiff has not brought before this court allegations that present a constitutional basis upon which habeas relief may be granted. Hence, this case shall be dismissed with prejudice without an evidentiary hearing.

A final judgment in accordance with this opinion and order shall issue.

This the ___20th___ day of June, 2005.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE